## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

GILBERTO TOVAR,                    )        Case No. 4:26-cv-00061
                                   )
     Petitioner,                  )        Judge J. Philip Calabrese
                                   )
v.                                 )        Magistrate Judge Darrell A. Clay
                                   )
WARDEN IAN HEALY,                  )
                                   )
     Respondent.                  )
                                   )
                                   )

## OPINION AND ORDER

Petitioner Gilberto Tovar, a prisoner in federal custody, filed a petition without the assistance of a lawyer for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the Bureau of Prisons has unlawfully denied him the benefit of time credits he has earned under the First Step Act.  For the reasons set forth below, the Court **DISMISSES** the petition without prejudice.

### STATEMENT OF FACTS

Mr. Tovar was sentenced in 2019 to a term of incarceration that he is serving at the Federal Correctional Institution, Elkton in Lisbon, Ohio.  (ECF No. 1, PageID #1.)  He represents that he has earned time credits under the First Step Act, which might allow early release or early prerelease custody.  (ECF No. 1, ¶¶ 6 & 13, PageID #2 & #6; *see also* 18 U.S.C. § 3632.)

However, Petitioner is being denied these credits based on the Bureau of Prisons' determination that he is an alien subject to a final order of removal who is,

therefore, statutorily ineligible to receive credits under the First Step Act. (*Id.*, PageID #17–18; *see also* 18 U.S.C. § 3632(d)(4(E)(i).) Petitioner disputes that he is subject to a final order of removal and contends that the Bureau of Prisons is denying his claim based on an internal policy that conflicts with the First Step Act. (*Id.*, PageID #13, #16 & #19.)

Previously, Petitioner appealed the denial of the credits he claims to the Federal Correctional Institution, the Federal Bureau of Prisons' Regional Office, and the Federal Bureau of Prisons' Central Office. (*Id.*, ¶¶ 7, PageID #2–3; *see also id.*, PageID #12–13.) He has not yet received a reply from the Central Office. (*Id.*, ¶ 9, PageID #3.) Petitioner asks to waive exhaustion and order the Bureau of Prisons to apply the time credits in question to his sentence.

## ANALYSIS

Petitioner seeks the time credits at issue through a writ of habeas corpus under 28 U.S.C. § 2241. Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)).

Under 28 U.S.C. § 2243, a court shall forthwith issue a writ or order the respondent to show cause why a writ should not issue, "unless it appears from the application that the applicant or person detained is not entitled" to a writ of habeas

corpus.  This statute requires an initial screening of a petition.  *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  At this stage of the proceedings, a court accepts as true the allegations in the petition and construes them in favor of the petitioner.  *Id.*  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under Section 2241 through Rule 1(b)).

Accordingly, and without evidence to the contrary, the Court assumes for the present purposes that Petitioner is not subject to a final order of removal under 18 U.S.C. § 3632(d)(4(E)(i).

## EXHAUSTION

Under Section 2241, federal prisoners must exhaust their available administrative remedies before filing a petition for a writ of habeas corpus.  *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013).  Federal regulations outline the process to exhaust administrative remedies.  *See* 28 C.F.R. § 542.15.  Exhaustion is an affirmative defense, and the Court may not dismiss a Section 2241 petition at the screening stage for failure to plead exhaustion or failure to attach exhibits with proof of exhaustion.  *Id.*  However, a prisoner's failure to exhaust may be excused if administrative remedies are not reasonably available.  Still, the Sixth Circuit requires those in prison to make "some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable."  *Naiper v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011)

(citations omitted).  "An inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

In most cases, exhaustion is the rule, and failure to exhaust will preclude federal habeas review. *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 232 (6th Cir. 2006).  In rare cases, however, exhaustion of administrative remedies is not required. *See, e.g.*, *Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982) ("[T]he exhaustion doctrine does not bar relief where the state remedies are inadequate."); *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005) ("This Court has also held that a *habeas* court should excuse exhaustion where further action in state court 'would be an exercise in futility.'") (quoting *Lucas v. Michigan*, 420 F.2d 259, 262 (6th Cir.1970)).

This case does not present the rare circumstance where exhaustion would be inadequate or futile.  Therefore, the Court finds that Petitioner has not exhausted his administrative remedies outlined in 28 C.F.R. § 542.15.  In fact, Petitioner acknowledges that he filed his habeas petition without awaiting any response from the Central Office.  (ECF No. 1, PageID #3.)  The Court does not waive Petitioner's exhaustion requirement.

## CONCLUSION

For these reasons, the Court **DISMISSES** the petition without prejudice.

**SO ORDERED.**

Dated: February 24, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio